UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

72 Partners, LLP,

    Plaintiff,

v.

Joseph D. Gilberti,

    Defendant.
_____/   Case No.: 8:21-CV-1952-WFJ-CPT

Joseph D. Gilberti,

    Third Party Plaintiff,

v.

Federal Bureau of Intelligence, et al.,

    Third Party Defendants.
_____/

## **FEDERAL DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**

The United States of America, on behalf of the Federal Bureau of Investigation, Central Intelligence Agency, Department of Defense, Pentagon, NASA, and the Center for Disease Control (collectively "the Federal Defendants"), hereby move to dismiss the third party complaint in this matter (Doc. No. 1, Exhibit 1) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(1) and (6). As grounds for this motion, the Federal Defendants refer to their legal memorandum below. The third party plaintiff, Joseph D. Gilberti, opposes dismissal.

1

Legal Memorandum

I. Background and procedural posture

   A. Procedural posture.

The third party plaintiff, Joseph Gilberti, filed this third party complaint on March 31, 2021 as part of his response to a foreclosure complaint brought against him in Sarasota County circuit court. The foreclosure plaintiff in the state case is an entity called 72 Partners, LLP and the foreclosure complaint is captioned *72 Partners, LLP v. Gilberti*, case no. 2021-CA-1009-NC. It names only Mr. Gilberti as a defendant. Judgment has been entered in the underlying foreclosure and has been appealed by Mr. Gilberti to the Florida Second District Court of Appeal.

Mr. Gilberti's third party complaint before this Court names thirty one defendants in all. In addition to three utilities doing business in the state of Florida, all of the third party defendants are governmental actors or entities. Doc. No. 1, Exhibit 1.[1] The United States timely removed the third party complaint on August 13, 2021. Doc. No. 1.

The third party complaint is part of a larger legal onslaught that Mr. Gilberti has waged on a pro se basis over the course of several years. He has filed complaints in numerous district courts, including the Southern District of Florida, the Eastern District of Virginia, the District of Columbia, and the Central District of California.

---

[1] Individually named federal officials include former president Donald Trump, Senator Marco Rubio, Representative Vern Buchanon, and Representative Marjorie Taylor Green. While the undersigned does not represent these individuals for the purpose of this motion, the third party complaint may nonetheless be dismissed as to them for many of the reasons set forth in this pleading on behalf of the United States.

Gilberti's complaints in these various courts defy easy summary but they all have the same sprawling, nonsensical narrative as the pleading before this Court.  In each case, Gilberti alleges that state, federal, and local governmental agencies have engaged in misconduct of various kinds concerning the nation's water supply.  The cases the undersigned is aware of include *Gilberti v. Nicolas Cruz, et al.,* case no. 0:21-civ-61777 (S.D. Fla.); *Gilberti v. Federal Reserve System,* case no. 1:19-civ-738 (D.D.C.) (dismissed); *Gilberti v. Ron DeSantis, et al.,* case no. 2:19-civ-282 (M.D. Fla.) (dismissed); *Gilberti v. The Pentagon, et al.,* case no. 1:21-civ-680 (E.D. Va.) (order to show cause pending); *Gilberti v. Centers for Disease Control, et al.*, case no. 2:20-civ-8251 (C.D. Cal.) (transferred to M.D. Fla. where it is pending under case no. 8:21cv954).

    B. <u>The allegations of the third party complaint</u>.

The third party complaint alleges four causes of action against the Federal Defendants: Civil Conspiracy (Count I); Florida Unfair and Deceptive Trade Practices Act (Count IV [sic]); Florida Consumer Collections Practices Act (Count V [sic]); Civil RICO (Count VI [sic]).

In Count I, Gilberti realleges the allegations in paragraphs 2-53 of his counterclaims against 72 Partners, LLP.  He further alleges that certain real property has "certain wetlands and natural conditions that make it desirable for acquisition as part of an Environmental Land Acquisition and Protection Program." Doc. No. 1, ¶ 56.  He alleges the property has a deep well within its boundaries, "the control of which by certain persons or entities could cause those persons or entities to achieve, or maintain, a monopoly power with regard to the area's the water supply." *Id.*

Gilberti flatly alleges that "at all material times" the thirty one named third party defendants "had knowledge of the foregoing." *Id.* at ¶ 57. The third party complaint then contends that "[d]uring the time from Third Party Defendants first contact with the Daughtrys and [Gilberti] regarding the Loan through the present, Third Party Defendants and 72 Partners have had an agreement to try to achieve the goal of obtaining an ownership or other interest in the . . . land for less than fair compensation by unlawful means, and/or to obtain said real property with the intent of achieving or maintaining, or assisting others to achieve or maintain, a monopoly power." *Id.* at ¶ 58.

Gilberti proceeds to allege that the "Third Party Defendants and 72 Partners and (sic) have committed overt acts in furtherance of their agreement, including but not limited to, violating the TILA and Regulation Z, as amended by HOEPA…; violating the provisions of the Florida Fair Lending Act … including but not limited to, including a prepayment penalty without offering the Daughtreys the choice of another product without a prepayment penalty; failing to provide the Daughtreys with written disclosures relating to the prepayment penalty; including an interest rate that is higher after default on the loan; including terms under which the aggregate amount of the regular periodic payments would not fully amortize the outstanding principal balance; and engaging in a pattern or practice of extending high-cost home loans to borrowers…." *Id.* at ¶ 59.

Gilberti states that "[t]hese actions have continued now through Title Fraud as shown in the Quiet Title Case <u>Gilberti v. 72 Partners</u>, case no. 2019 CA 04532,

recent Objections by Daughtreys shown in US Middle District Bankruptcy Case 20-bk-07973 …, and during a National Case <u>Gilberti v. CDC, et al</u>., Federal Case 2:20-cv-8251-FMO which includes the same Judges attacking today, such as but not limited too (sic), Judge Carlyn (sic) Delano … and Judge Walker of Sarasota Circuit 12." *Id*. Gilberti concludes with this fantastic allegation: "[a]s a result of the acts done by Third Party Defendants in furtherance of this agreement and 8yrs of US Terrorism, Fraud and capitol (sic) crimes the Cops and FBI are harboring for foreign corps like Nestle and Mosaic Phosphate and Wall Street fools like Buffett, Bill Gates and Bush Family after this World Resource for years, [Gilberti] has suffered, and is continuing to suffer, damages." *Id*. at ¶ 60.

The next count proceeds under the Florida Deceptive and Unfair Trade Practices Act, and again reincorporates the allegations of paragraphs 2 through 53, and 55 through 62. It flatly asserts that "[t]hose actions on the part of Third Party Defendants constitute violations of the [Florida Deceptive and Unfair Trade Practices Act]." *Id*. at ¶ 64.  In Count V (sic), Gilberti alleges violations of the Florida Consumer Collections Practices Act.  He asserts in an unhinged fashion that "Third Party Defendants knew, or should have known, that the mortgage did not created (sic) a legitimate security interest in the real property … under Federal and State attack by Politicians looking for campaign contributions for useless elections for big Walls Street goons attacking this Resource with US Media, Smith-Mundy Acts, Court Fraud, Police Fraud, FBI Fraud, for a World Water Supply knowledge hidden by Florida Congress and NASA for Decades to pump poor arsenic water to Florida

5

taps for 40yrs spring water with no water restrictions." *Id*. at ¶ 68. "Third Party Defendants brought and maintained the present action to attempt to foreclose the Mortgage, time terrorism to subdue [Gilberti] along the dockets for 8 solid years of US and World Treason through Water Supply Eugenics and more." *Id*. at ¶ 69. Gilberti alleges that the Daughtreys have suffered damages as a result of the foregoing. *Id*. at ¶ 71. He does NOT allege that he himself has suffered damage in this count, however.

The civil RICO count again reincorporates allegations (paragraphs 2 through 53, 55 through 65, and 66 through 71), see *id*. at ¶ 48, and proceeds to assert that "Third Party Defendants, with 72 Partners and/or others, conspired or endeavored to acquire and maintain an interest in the real property … through a pattern of criminal activity or through the collection of an unlawful debt, times US Terrorism to subdue [Gilberti], Title and Auction fraud, Tax appraiser fraud to manipulate FDEP Florida Forever Trust Funds and more." *Id*. at p. 21, ¶ 49 (sic). Gilberti alleges that "Third Party Defendants was (sic) associated with an enterprise which from approximately January, 2010 through the present has function as a continuing unit and has been engaged in an ongoing and continuing course of conduct with the common purpose of obtaining an ownership or other interest in the . . . land and WORLD RESOURCE FIND in WATER SUPPLY for all Florida and World Medicine production, and/or for the purpose of maintaining a monopoly power of local developers, bottling, machine parts and National Defense!" *Id*. at ¶ 50 (sic). He breathlessly continues: "Hidden by Tampa Central Command, DOJ, USGS,

6

NASA, Hospitals, Tampa Moffit, Lee Health Systems with Swfmd-FDEP and EPA criminals." *Id.* The count concludes that "Third Party Defendants participated in, and/or conspired to participate in, said enterprise through a pattern of criminal activity and/or the collection of an unlawful debt, US Terrorism planned to produce bond hikes timed with Florida State and Federal Courts, Judges and civil servants." *Id.* at ¶ 52 (sic).

This psychedelic third party complaint must be dismissed, with prejudice. The Court lacks subject matter jurisdiction over the Civil Conspiracy, Florida Deceptive and Unfair Trade Practices Act, and Florida Consumer Collections Practices Act counts. The RICO count fails to allege the elements of a cause of action, or specific facts necessary to make out a claim under such a theory. The complaint as a whole is a classic example of a "shotgun" complaint that fails to meet even the most rudimentary requirements of federal pleading. And fundamentally, the third party complaint nowhere alleges a *plausible* claim against any of the Federal Defendants. No amendment would cure these defects and the case must be dismissed.

    II.    <u>Legal Argument</u>

        A.  <u>Standards</u>

The United States enjoys sovereign immunity from suit unless it has expressly waived immunity and has consented to be sued. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 32 (1992); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The plaintiff bears the burden of establishing subject matter jurisdiction and must identify an explicit

waiver of immunity. *See Ishler v. Internal Revenue Serv.*, 237 F. App'x 394, 398 (11th Cir. 2007). The Federal Defendants assert a facial attack on this Court's subject matter jurisdiction to hear these claims. Facial attacks are considered under a standard as that applied under Fed. R. Civ. P 12(b)(6), taking the allegations to be true as well as any matters that can be judicially noticed. *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).

      A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. To survive a motion to dismiss, a complaint must contain sufficient facts that, when accepted as true, "'state a claim to relief that is *plausible on its face*.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis supplied; quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Iqbal* requires a complaint to contain "more than 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action will not do' . . .Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Iqbal*, 566 U.S. at 678 (citing *Twombly,* 550 U.S. at 555, 557). The plaintiff must plead facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged" and offer "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 566 U.S. at 678. While a plaintiff is entitled to "the benefit of all inferences that can be derived from the facts alleged," the Court "need not accept inferences . . . unsupported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Lurensky v. Wellinghoff*, 167 F. Supp. 3d 1, 11-12 (D.D.C. 2016) (citation omitted).

### B. The Court Lacks Subject Matter Jurisdiction Over the Civil Conspiracy Claim and Florida Statutory Claims.

To the extent that the Third Party Complaint alleges intentional misconduct in the form of a civil conspiracy by the Federal Defendants, the only possible waiver of sovereign immunity would be found in the Federal Tort Claims Act, 28 U.S.C. § 2679, which provides the exclusive remedy for wrongful acts or omissions of federal employees acting within the scope of their office. 28 U.S.C. § 2679(b)(1)(A). The statute goes on to except certain intentional torts from the scope of the waiver, however. *See* 28 U.S.C. § 2680(h). The Eleventh Circuit has interpreted civil conspiracy claims to fall within the kinds of claims barred by this exception. *See Goble v. Ward*, 628 Fed. Appx. 692, 699 (11th Cir. 2015); *see also McLaughlin v. Florida International Univ., Bd. of Trustees*, case no. 1:20-civ-22942-KKM, 2021 WL 1343721 at * 9 (S.D. Fla. April 12, 2021), appeal pending. Moreover, Mr. Gilberti has not exhausted his mandatory administrative remedies concerning this claim, which subjects it to dismissal on that ground as well. 28 U.S.C. § 2675.

To the extent that the Third Party Complaint alleges Florida statutory claims, the Court lacks jurisdiction over them as well. Congress has not waived the United States' sovereign immunity for such claims. *See Goble*, 628 F. App'x at 698; *see also United States v. Gordon*, Case No. 8:10-cv-580, 2010 WL 2643531, at *3 (M.D. Fla. June 30, 2010) (Merryday, C.J.) (dismissing counterclaim for violations of the FCCPA because the United States has not waived sovereign immunity); *United States v. Morrison*, 28 So.3d 94, 102 (Fla. 1st DCA 2009) (granting a writ of prohibition directing dismissal of a counterclaim against the United States for violations of the

FCCPA on immunity grounds). Gilberti's claim under the Deceptive and Unfair Trade Practices Act is equally unavailing. *See Sole v. DeVos*, Case no. 8:19-civ-3114-T-60JSS, 2020 WL 4904453 at * 2 (M.D. Fla. Aug. 20, 2020) (dismissing FCCPA and FDUTPA claims for lack of jurisdiction).

      C. The Third Party Complaint Fails to Allege a Cognizable RICO Claim.

To state a claim for a civil RICO violation, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000). To demonstrate a pattern of racketeering activity, a plaintiff must allege "at least two acts of racketeering activity." 18 U.S.C. § 1961(5). The term "racketeering activity" is defined to include numerous indictable offenses delineated under 18 U.S.C. § 1961(1). Further, a plaintiff must allege "facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts." *Republic of Pan. v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997). Mr. Gilberti's RICO count makes no effort to plead a "pattern" of racketeering activity with the specificity necessary to satisfy these standards.

Moreover, the RICO count fails to allege the existence of an "enterprise." An enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(1). The Third Party Complaint contains only conclusory allegations, at best, that third party defendants have formed an enterprise and consequently the RICO count is fatally flawed. *Palm Beach Cnty. Envtl. Coal. v.*

*Fl.*, 651 F. Supp. 2d 1328, 1349 (S.D. Fla. 2009). Moreover, beyond conclusory allegations, there is no allegation that the Federal Defendants "participate[d] in the operation or management of the enterprise itself." *Reves v. Ernest & Young*, 507 U.S. 170, 185 (1993). Nor is there any contention that the Federal Defendants exercised "some degree of direction" of the enterprise or had any control. *Id.* at 179, 184. Consequently, the Third Party Complaint does not properly plead the existence of an enterprise and, therefore, fails to state a claim for relief under a RICO theory.

      D.      The Third Party Complaint is a Shotgun Pleading That Fails to Allege a Plausible Claim and is Patently Frivolous.

The Third Party Complaint comes nowhere close to satisfying the rules of pleading. The Eleventh Circuit has spoken regularly and decisively against complaints that bear its defects. In one such instance, the appellate court observed:

> The complaint is a quintessential 'shotgun' pleading of the kind we have condemned repeatedly . . . . It is in no sense the 'short and plain statement of the claim' required by Rule 8 of the Federal Rules of Civil Procedure. It is fifty-eight pages long. It names fourteen defendants, and all defendants are charged in each count. The complaint is replete with allegations that 'the defendants' engaged in certain conduct, making no distinction among the fourteen defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of. Each count incorporates by reference the allegations made in a section entitled 'General Factual Allegations'-which comprises 146 numbered paragraphs-while also incorporating the allegations of any count or counts that precede it. The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies. This type of pleading completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts, and is the type of complaint that we have criticized time and again.

*Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001).

As with the complaint criticized by the Eleventh Circuit, Plaintiff's Third Party Complaint is superfluously lengthy, names a large group of defendants (31), brings the purported causes of action against all defendants as a group, and "mak[es] no distinction among the . . . defendants charged, though geographic and temporal realities make plain that all of the defendants could not have participated in every act complained of." *Id.*  Moreover, it is unclear what facts are alleged to support which purported claim in the Third Party Complaint. "The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." *Id.*  In addition, Gilberti fails to provide any facts to support the existence of any understanding or agreement among the defendants to support a conspiracy claim. This deficiency, alone, warrants dismissal. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293-94 (11th Cir. 2010) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

In cases involving multiple defendants, a complaint must not "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).  Otherwise, defendants lack "adequate notice of the claims against them and the grounds upon which claim rests." *Id.; see also SCOMA Chiropractic, P.A. v. Jackson Hewitt Inc.*, No. 2:17-CV-24-FTM-38CM, 2017 WL 3149360, at *3 (M.D. Fla. July 25, 2017) (dismissing a complaint that lumped

together defendants because it did not "provide enough specificity to permit each Defendant to identify what it [was] accused of doing and to defend itself.").

On an equally foundational level, Gilberti has not, and cannot, allege a *plausible* claim against the Federal Defendants. The thrust of his claims appear to be that five federal agencies with widely divergent public missions, have teamed up with private entities to gain monopoly power over the area's water supply. He nonsensically further alleges that the FBI, CIA, CDC, Department of Defense and NASA had some devious role in the private financing of real property, in ways that violate Florida lending and trade statutes. All of this conduct was undertaken as a civil conspiracy, or alternatively, as a criminal racketeering enterprise which is draped in such spectacular rhetoric as advancing "terrorism" and "Water Supply Eugenics," at the behest of "Wall Street fools," the Bush Family, and foreign corporations such as Nestle and Mosaic Phosphate Company. Gilberti's allegations exhaust the reader and leave no hope that the allegations may be salvaged into a viable pleading. The Third Party Complaint should be dismissed with prejudice. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262 (11th Cir. 2004).

Local Rule 3.01(g) Certificate

The undersigned has communicated with Mr. Gilberti via email concerning this motion. He opposes dismissal.

Conclusion

For all of the foregoing reasons, the Third Party Complaint should be dismissed. Because amendment would be futile, dismissal should be with prejudice.

Respectfully submitted,

KARIN HOPPMANN
Acting United States Attorney

By: /s/Lacy R. Harwell, Jr.
LACY R. HARWELL, JR.
Assistant United States Attorney
Florida Bar No: 714623
400 North Tampa St., Ste 3200
Tampa, Florida 33602
Telephone No: (813) 274-6000
Randy.Harwell@usdoj.gov

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of September, 2021, the foregoing has been filed using the Court's CM/ECF filing system, which will send an electronic notice of filing.

/s/Lacy R. Harwell, Jr.
LACY R. HARWELL, JR.
Assistant United States Attorney